UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FRENCH MASON,

      Plaintiff,

      v.                                       CAUSE NO. 3:22-CV-1008-DRL-MGG

DAY *et al.*,

      Defendants.

OPINION AND ORDER

French Mason, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 against six defendants. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On May 10, 2021, Mr. Mason had a seizure while he was sleeping in his bed in his cell. ECF 1 at 2. He asserts that Officers J. Shoffner, A. Miller, and Bowman assaulted, tased, and maced him while he was having the seizure.[1] *Id*. He sustained injuries from the assault,

---

[1] In *Mason v. Shoffner*, Case No. 3:21-cv-834-DRL-MGG (N.D. Ind. filed Oct. 26, 2021), Mr. Mason is proceeding against Officers Shoffner, Miller, and Bowman in their individual capacities for assaulting him while he was having a seizure in his cell on May 10, 2021, in violation of the Eighth Amendment. *See* Case No. 3:21-cv-834, ECF 18 at 7. He was also given leave to proceed against these three defendants in their individual capacities for compensatory and punitive damages for committing a battery against him on May 10, 2021, in violation of Indiana law. *Id*.

including a broken hand and fractured skull. *Id*. Mr. Mason avers that Officers Walker, Butler, and Day knew he was unconscious and unresponsive during the seizure, but did not intervene on his behalf when Officers Shoffner, Miller, and Bowman assaulted him. *Id*. Thus, according to Mr. Mason, the actions of Officers Walker, Butler, and Day constitute deliberate indifference because they failed to intervene and prevent the assault. *Id*.

"[O]fficers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). Mr. Mason has not plausibly alleged facts from which it can be reasonably inferred that Officers Walker, Butler, and Day had a realistic opportunity to intervene on his behalf. Thus, he has not stated a failure to intervene claim.

Mr. Mason contends that following the May 10, 2021 assault, Officers Walker, Butler, Day, Shoffner, Miller, and Bowman did not call the medical unit to obtain immediate treatment for his broken hand and fractured skull. ECF 1 at 2. Instead, he was escorted to a segregated housing unit where he remained for weeks with no medical treatment for his injuries. *Id*. at 2-3. When he later saw an orthopedic surgeon, the surgeon told him he needed surgery because he had not received prompt treatment for his injuries. *Id*. at 3. Because of the delay in treatment, the bones in his hand began to grow together. *Id*. Mr. Mason was also told he needed craniotomy surgery to insert a new plate into his skull. *Id*.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was

2

objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Mr. Mason has not stated an Eighth Amendment claim against the defendants. Though he asserts he was not given medical treatment immediately following the May 10, 2021 assault, he has not alleged that he asked any of the defendants for treatment and they refused to provide it. Instead, he was taken to the segregated housing unit where he asserts he remained there for weeks without receiving medical care. Therefore, he has not alleged facts from which it can plausibly be inferred that any defendant was deliberately indifferent to his medical needs.

Mr. Mason next asserts that the defendants in this case threatened him and assaulted him on May 10, 2021, in retaliation for filing grievances and a prior lawsuit, *Mason v. Bullock*, Case No. 3:21-cv-20-JD-MGG (N.D. Ind. filed Jan. 11, 2021), dismissed Apr. 7, 2022 (summary judgment granted in favor of defendants). ECF 1 at 3. Under the First Amendment, an inmate can't be punished for engaging in certain kinds of speech. Filing a grievance or lawsuit qualifies as protected activity for purposes of a First Amendment claim.

*Holleman v. Zatecky*, 951 F.3d 873, 879 (7th Cir. 2020). To assert a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citation omitted). The third factor requires some "causal link between the activity and the unlawful retaliation." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020).

Though Mr. Mason believes he was assaulted in retaliation for filing *Mason v. Bullock*, Case No. 3:21-cv-20, he has not stated a First Amendment claim. With respect to Officers Walker, Butler, and Day, he does not allege that they assaulted him on May 10, 2021. As to Officers Shoffner, Miller, and Bowman, his retaliation claim is duplicative of his excessive force claim in *Mason v. Shoffner*, Case No. 3:21-cv-834-DRL-MGG (N.D. Ind. filed Oct. 26, 2021), where he was granted leave to proceed against these three defendants for assaulting him while he was having a seizure in his cell on May 10, 2021, in violation of the Eighth Amendment. *See* Case No. 3:21-cv-834, ECF 18 at 7. Allowing Mr. Mason to proceed on his retaliation claim against Officers Shoffner, Miller, and Bowman would be duplicative because proceeding on different constitutional theories based on the same facts is redundant. *See Williams v. Snyder*, 150 F. App'x 549, 552 (7th Cir. 2005) ("The remainder of [plaintiff's] substantive legal theories . . . warrant little discussion [b]ecause they all involve the same set of facts . . . they would be redundant even if we found that he stated a claim.); *Conyers v. Abitz*, 416 F.3d 580, (7th Cir. 2005) (dismissing claims based on same

circumstances because the claim "gains nothing by attracting additional constitutional labels").

As a final matter, Mr. Mason, who is a Moorish American citizen, asserts that the defendants violated provisions of the Peace and Friendship Treaty and the Moroccan Empire of America Republic National De Jure Government, a municipal trust. ECF 1 at 3. Any claim that Mr. Mason is a sovereign citizen who is entitled to special rights or not subject to laws of general applicability is patently frivolous. *Jones-Bey v. State*, 847 F.3d 559, 559–61 (7th Cir. 2017); *United States v. Benabe*, 654 F.3d 753, 767 (7th 2011) (courts have repeatedly characterized sovereign citizen theories as legally frivolous and having no conceivable validity). Therefore, these allegations do not state a claim.

This complaint does not state a claim for which relief can be granted. If Mr. Mason believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS French Mason until **December 8, 2023**, to file an amended complaint; and

5

(2) CAUTIONS French Mason that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

November 9, 2023                                          *s/ Damon R. Leichty*
                                                          Judge, United States District Court

6